In the Matter of the Claim of STEVE TSIMOS, Respondent, against FRANK G. SHATTUCK CO., INC., Appellant, and CONTINENTAL PAINTING & M. CO. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— On May 22, 1947, claimant, a porter working for Frank G. Shattuck, the self-insured employer, fell a distance of about six feet from a stepladder. He was unconscious for an hour or more and suffered a severe laceration of the occipital portion of the scalp with cerebral concussion. The Workmen's Compensation Board, finding claimant permanently and totally disabled as a result of that accident, has made a decision and award in his favor and against this appellant. Claimant had been previously injured on November 3, 1937, while in the employ of respondent, Continental Painting & M. Co., as a painter. He then fell thirty-five feet from a scaffold, sustaining severe injuries. Awards then made were paid, including a lump sum settlement, and that case was closed May 7, 1940. This controversy is between appellant and Continental with its insurance carrier, the State Fund. Contesting the finding of permanence and totality of the injury as a result of the accident of May 22, 1947, appellant seeks an apportionment of the award between it and the earlier employer. It also attacks the board's refusal to reopen the 1937 case as improper and arbitrary. The record indicates that claimant could not return to work as a painter after the 1937 injury. Apparently he remained unemployed until 1943 when he began work for appellant, remaining there until the second accident. Though the record contains medical evidence that the 1937 accident was contributory to claimant's condition following the 1947 accident, there is, on the other hand, evidence to sustain the factual finding that his disability resulted solely from the latter accident. Appellant's application to reopen the earlier case was dated April 7, 1952. It had made compensation payments from May 30, 1947. On December 27, 1947, the file of the 1937 case had been made a part of this record at appellant's request. Respondent Continental and its carrier had not been put on notice. The board's denial of the request to reopen was not improper or arbitrary. Decision and award unanimously affirmed, with costs to Continental Painting & M. Co. and State Insurance Fund, respondents. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.